# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-1368

———————

Crystal Creamer, On behalf of A.C.C.,    *
                         *
         Appellant,               *
                         *    Appeal from the United States
    v.                       *    District Court for the
                         *    Western District of Arkansas.
Michael J. Astrue, Commissioner,     *
Social Security Administration,       *    [UNPUBLISHED]
                         *
         Appellee.                *

———————

Submitted:  August 31, 2010
Filed:  September 3, 2010

———————

Before BYE, BOWMAN, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Crystal Creamer, on behalf of her son A.C.C., appeals the district court's[1] order affirming the denial of child supplemental security income.  Creamer alleged that A.C.C. became disabled in August 2004 (at age 7) from attention deficit hyperactivity disorder (ADHD) and oppositional defiant disorder.  After a hearing, an administrative law judge (ALJ) determined that (1) A.C.C.'s severe impairments--ADHD and

---

[1]The Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

"conduct disorder"--did not alone or combined meet or medically equal the requirements of any relevant listing; (2) Creamer's statements concerning the intensity, persistence, and limiting effects of A.C.C.'s symptoms were not entirely credible; and (3) A.C.C.'s impairments, alone or combined, also did not functionally equal any listing, because in the six domains of functioning, he did not have the requisite "marked" limitations in two domains or "extreme" limitations in one domain. Having carefully reviewed the record and considered Creamer's arguments for reversal, see Van Vickle v. Astrue, 539 F.3d 825, 828 & n.2 (8th Cir. 2008) (standard of review), we agree with the district court that the ALJ's determinations on the severity of A.C.C.'s impairments, and on whether A.C.C.'s impairments met, medically equaled, or functionally equaled any relevant listing, are supported by substantial evidence on the record as a whole. We also reject as meritless Creamer's remaining arguments for reversal. Accordingly, we affirm. See 8th Cir. R. 47B.

_____